UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NORMA LARA,<br><br>      Petitioner,<br><br>  v.<br><br>WARDEN,<br><br>      Respondent. | Case No. CV 13-6921-DSF(AJW)<br><br>MEMORANDUM AND ORDER<br>DISMISSING PETITION |

Petitioner filed this petition for a writ of habeas corpus on September 19, 2013. For the following reasons, the petition is subject to summary dismissal.[1]

As pleaded, petitioner's allegations fail to state a cognizable federal claim. Federal habeas relief is not available for alleged errors in the interpretation or application of state law. Rather, the Court is limited to deciding whether the petitioner has been convicted or sentenced in violation of the Constitution, laws, or treaties of the United States. <u>Swarthout v. Cooke</u>, 131 S.Ct. 859, 861 (2011);

---

[1] Rule 4 of the Rules Governing Section 2254 Cases provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition ...."

Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Petitioner does not allege that she has been deprived of any federally protected right. Instead, petitioner's claim involves only alleged state law errors, and is not cognizable on federal habeas review.

Even if petitioner had presented a cognizable claim for relief, she has not exhausted such a claim. A state prisoner is required to exhaust all available state court remedies before a federal court may grant habeas relief. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied when the substance of a petitioner's federal claim has been fairly presented to the state's highest court. See O'Sullivan, 526 U.S. at 844-845.

From the face of the petition, it is clear that petitioner has never presented any claim to the California Supreme Court. Therefore, she has not exhausted her state remedies. Although this Court has discretion to stay a mixed habeas petition in order to allow the petitioner to exhaust state remedies, see Rhines v. Webber, 544 U.S. 269, 277-278 (2005), it does not have discretion to stay a petition containing only unexhausted claims. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); Davis v. Adams, 2010 WL 1408290, *2 (C.D.Cal. 2010) (stating that a federal court cannot stay a completely unexhausted petition), report and recommendation adopted, 2010 WL 1408292 (C.D.Cal. 2010).

Based upon the foregoing deficiencies, the petition for a writ of

2

habeas corpus is dismissed without prejudice.

Dated: 10/3/14

Dale S. Fischer
United States District Judge

3